The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: What administrative procedures should be followed with regard to administrative hearings under 74 O.S. 818 [74-818] (1972), relating to individuals charging state agencies with discrimination on the basis of physical handicap? The pertinent portions of 74 O.S. 818 [74-818] (1972), provide as follows: "No person in the classified service shall be appointed to, or demoted or dismissed from any position in the classified service, or in any way favored or discriminated against with respect to employment in the classified service because of his political or religious opinions or affiliations, or because of race, creed, sex, color or national origin or by reason of any physical handicap so long as the physical handicap does not prevent or render the employee less able to do the work for which he is employed . . . . * * * "Upon a showing of substantial evidence by the Personnel Director that any officer or employee in the state classified service, has knowingly violated any of the provisions of this section, the State Personnel Board shall notify the officer or employee so charged and the appointing authority under whose jurisdiction the officer or employee serves. If the officer or employee so desires, the State Personnel Board shall hold a public hearing, or shall authorize the Personnel Director to hold a public hearing, and submit a transcript thereof, together with a recommendation, to the State Personnel Board. Relevant witnesses shall be allowed to be present and testify at such hearings. If the officer or employee shall be found guilty by the State Personnel Board of the violation of any provision of this section, the Board shall direct the appointing authority to dismiss such officer or employee; and the appointing authority so directed shall comply." (Emphasis added) Initially, it should be noted that Attorney General's Opinion No. 71-422 has addressed the issue of the procedures to be followed in conducting hearings arising from discrimination complaints filed pursuant to 818. In the Opinion, reference is made to 74 O.S. 954 [74-954] (1971), which deals with discrimination in state employment based upon race, color, creed, national origin or ancestry, such types of discrimination being very similar to the types of discrimination guarded against in 818. Upon construing 74 O.S. 818 [74-818] and 74 O.S. 954 [74-954] together, the Opinion concluded that a discrimination hearing could not be conducted under the provisions of 818 but that the hearing conducted by the Personnel Board pursuant to a discrimination complaint brought under 818 or 954 must be conducted under the procedures set out in 74 O.S. 833 [74-833] (1971) (as amended). However, upon careful review, it is apparent that Opinion No. 71-422 dictates a wrong result with respect to the procedures to be followed in conducting hearings arising from discrimination complaints based on physical handicap; and, to that extent, the Opinion is hereby withdrawn. It is important to note that while both 74 O.S. 818 [74-818] and 74 O.S. 954 [74-954] address discrimination based upon race, color, creed, national origin and the like, only 818 addresses or otherwise deals with discrimination based on physical handicap. Therefore, it is apparent that such a discrimination complaint can be filed pursuant to 74 O.S. 818 [74-818] only. And, while 74 O.S. 954 [74-954] provides that it shall be cumulative and in addition to 74 O.S. 818 [74-818] and that the Personnel Board shall follow the procedures set forth in 74 O.S. 833 [74-833], the section clearly provides that 74 O.S. 833 [74-833] shall be observed "in the enforcement of this section," meaning 74 O.S. 954 [74-954]. Accordingly, the requirement found in 954 that the provisions of 74 O.S. 833 [74-833] be followed by the Board is inapplicable to hearings arising from discrimination complaints on the basis of physical handicap. As a result, the procedures set forth in 818, as above cited, must be followed in disposition of physical handicap complaints. It should be further noted that 75 O.S. 325 [75-325] (1971), states that 309-316 of the Administrative Procedures Act shall not apply to hearings conducted by the Personnel Board under 74 O.S. 833 [74-833]. However, since a hearing on a complaint of physical handicap discrimination is not to be conducted in accordance with 833, the provisions of the Administrative Procedures Act relating to individual proceedings are applicable. Additionally, it should be recognized that the conclusion provided herein has no application to an employee appeal filed under 74 O.S. 833 [74-833] (1975) as amended, where discrimination based upon physical handicap might be alleged as the reason for the discharge, suspension or demotion of the employee. Accordingly, it is the official opinion of the Attorney General that your question be answered as follows: Administrative hearings arising from complaints alleging physical handicap discrimination filed pursuant to 74 O.S. 818 [74-818] (1972), shall be conducted in accordance with the procedures set forth in 74 O.S. 818 [74-818] and the relevant provisions of the Administrative Procedures Act. Attorney General's Opinion No. 71-422 is withdrawn to the extent inconsistent herewith. (Brent S. Haynie)